IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EVOLVE INTERACTIVE LLC | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. _____ |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| INTER-CONTINENTAL HOTELS GROUP, INC. | ) |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT

For its Complaint, Evolve Interactive LLC ("Evolve"), by and through the undersigned counsel, alleges as follows:

### THE PARTIES

1. Evolve is a Texas limited liability company with a place of business located at 312 W. 8th Street, Dallas, Texas 75208.

2. Defendant Inter-Continental Hotels Group, Inc. is a Delaware company, with, upon information and belief, a place of business located at 3 Ravinia Drive, Suite 100, Atlanta, Georgia 30346.

3. Upon information and belief, IHG entered into an agreement to give franchisees favorable or discounted pricing for IPTV to be installed in the franchisees' hotels.

4. Upon information and belief, IHG manages several franchise hotels throughout the United States.

5. On February 5, 2021, Evolve's counsel sent a letter via FedEx to Defendant's Chief Executive Officer informing Defendant of the patent-in-suit and enclosing a claim chart.

### JURISDICTION AND VENUE

6. This action arises under the Patent Act, 35 U.S.C. § 1 *et seq.*

7. Subject matter jurisdiction is proper in this Court under 28 U.S.C. §§ 1331 and 1338.

8. Upon information and belief, Defendant conducts substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in this district.

9. Venue is proper in this district pursuant to § 1400(b).

### THE PATENT-IN-SUIT

10. On June 27, 2006, U.S. Patent No. 7,068,596 (the "'596 patent"), entitled "Interactive Data Transmission System Having Staged Servers," was duly and lawfully issued by the U.S. Patent and Trademark Office. A true and correct copy of the '596 patent is attached hereto as Exhibit A.

11. Evolve is the assignee and owner of the right, title and interest in and to the '596 patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

### COUNT I – INFRINGEMENT OF U.S. PATENT NO. 7,068,596

12. Evolve repeats and realleges the allegations of paragraphs 1 through 11 as if fully set forth herein.

13. Without license or authorization and in violation of 35 U.S.C. § 271(a), Defendant is liable for infringement of at least claim 24 of the '596 patent by making, using, importing, offering for sale, and/or selling, systems and methods for interactively controlling from one of a plurality of network devices a flow of audio visual data from a central server to the network

device, including, but not limited to, IPTV (the "Accused Instrumentality"), because each and every element is met either literally or equivalently.

14. Upon information and belief, Defendant installed, used and tested the Accused Instrumentality in its hotels in the United States, directly infringing one or more claims of the '596 patent.

15. The Accused Instrumentality satisfies each and every element of each asserted claim of the '596 patent, either literally or under the doctrine of equivalents. An exemplary preliminary claim chart illustrating infringement of claim 24 is attached hereto as Exhibit B, and incorporated herein by reference.

16. Evolve is entitled to recover from Defendant the damages sustained by Evolve as a result of Defendant's infringement of the '596 patent in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## WILLFULNESS AND INDIRECT INFRINGEMENT

17. Evolve repeats and realleges the allegations of paragraphs 1 through 16 as if fully set forth herein.

18. Defendant has been on notice of the '596 patent since, at the latest, their receipt of Evolve's counsel's letter dated February 5, 2021.

19. Upon information and belief, Defendants have not altered their infringing conduct after receiving the February 5, 2021 letter.

20. Upon information and belief, Defendant's continued infringement despite its knowledge of the '596 patent and the claim chart enclosed in the February 5, 2021 letter that evidenced infringement has been objectively reckless and willful.

21. In particular, Defendant's franchisees use of IPTV, such as the Accused Instrumentality, is facilitated by the use of technology patented under the '596 patent. Thus, Defendant's franchisees are able to interactively control from one of a plurality of network devices a flow of audio visual data from a central server to the network device when using such instrumentalities.

22. On information and belief, in order to generate profits and revenues, Defendant markets and promotes, e.g., through its brand standards, the use of IPTV that infringes the '596 patent when used as intended by Defendant's franchisees. Defendant's franchisees use such products. Defendant further instructs its franchisees how to use such products in a manner that infringes the '596 patent (e.g., through on-line technical documentation, instructions, and technical support). Defendant further instructs its franchisees to infringe the '596 patent through the Accused Instrumentality itself, e.g., through on-line instructions.

23. In particular, on information and belief, Defendant provides an IHG technology road map that instructs its franchisees how to set-up and use the Accused Instrumentality.

24. Defendant still further makes such products accessible to its franchisees, thus enabling and encouraging its franchisees to use such products to infringe the '596 patent.

25. On information and belief, even though Defendant has been aware of the '596 patent and that its franchisees infringe this patent since as of its receipt of the February 5, 2021 letter and Defendant has neither made any changes to the functionality, operations, marketing, sales, technical support, etc. of such products to avoid infringing the '596 patent nor informed its franchisees how to avoid infringing the '596 patent. To date, Defendant has not identified a single action that it has taken to avoid infringement (e.g., by designing around or notifying its

franchisees how to avoid infringement) by itself or its franchisees since it became aware of the '596 patent.

26. On information and belief, Defendant itself is unaware of any legal or factual basis that its actions solely, or in combination with the actions of its franchisees, do not constitute direct or indirect infringement of the '596 patent. To date, Defendant has not produced any opinion of counsel, request for opinion of counsel, evaluation, analysis, or investigation relating to the validity, scope, interpretation, construction, enforceability, unenforceability, or the infringement or potential infringement of any claim of the '596 patent.

27. As such, on information and belief, despite the information Defendant obtained from the February 5, 2021 letter, Defendant continues to specifically intend for and encourage its franchisees to use the Accused Instrumentality in a manner that infringes the claims of the '596 patent. In addition, since at least its receipt of the February 5, 2021 letter, Defendant has deliberately avoided taking any actions (e.g., designing around, or providing notice to its franchisees) to avoid confirming that its action continues to specifically encourage its franchisees to use the Accused Instrumentality in a manner that infringes the claims of the '596 patent.

28. Defendant's actions of, *inter alia*, making, importing, using, offering for sale, and/or selling such products constitute an objectively high likelihood of infringement of the '596 patent, which was duly issued by the United States Patent and Trademark Office and is presumed valid. Since at least its receipt of the February 5, 2021 letter, Defendant is aware that there is an objectively high likelihood that its actions constituted, and continue to constitute, infringement of the '596 patent and that the '596 patent is valid. Despite Defendant's knowledge of that risk, on information and belief, Defendant has not made any changes to the relevant operation of the Accused Instrumentality and has not provided its franchisees with instructions on how to avoid

infringing the '596 patent. Instead, Defendant has continued to, and still are continuing to, among other things, make, use, offer for sale, and/or sell products patented under the '596 patent. As such, Defendant willfully, wantonly and deliberately infringed and is infringing the '596 patent in disregard of Evolve's rights under the '596 patent.

## JURY DEMAND

Evolve hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Evolve requests that this Court enter judgment against Defendant as follows:

    A.    An adjudication that Defendant has infringed the '596 patent;

    B.    A judgment that Defendant has induced infringement of the '596 patent;

    C.    An award of damages to be paid by Defendant adequate to compensate Evolve for Defendant's past infringement of the '596 patent and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

    D.    An award of enhanced damages pursuant to 35 U.S.C. § 284 for Defendant's willful infringement of the '596 patent subsequent to the date of its notice of the '596 patent;

    E.    A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Evolve's reasonable attorneys' fees; and

    F.    An award to Evolve of such further relief at law or in equity as the Court deems just and proper.

Dated: February 11, 2021             STAMOULIS & WEINBLATT LLC

                                                            */s/ Richard C. Weinblatt*
                                                            Stamatios Stamoulis #4606
                                                            Richard C. Weinblatt #5080
                                                            800 N. West Street, Third Floor
                                                            Wilmington, DE 19801
                                                            (302) 999-1540
                                                            stamoulis@swdelaw.com
                                                            weinblatt@swdelaw.com

                                                            *Attorneys for Plaintiff*
                                                            *Evolve Interactive LLC*